Nos.  25-0306/0307

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
>
> Jan 9, 2026
>
> KELLY L. STEPHENS, Clerk

In re:  TRIHEALTH, INC., et al.,⁣ )

) O R D E R

Petitioners. )

Before:  NORRIS, GILMAN, and LARSEN, Circuit Judges.

In No. 25-0306, Defendants TriHealth, Inc., Bethesda Hospital, Inc., TriHealth G, LLC, dba TriHealth Physician Partners, and Good Samaritan Hospital of Cincinnati, Ohio petition under 28 U.S.C. § 1292(b) for leave to appeal a district court order denying their motion to dismiss Relator Timothy Murphy's action alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3730.  In No. 25-0307, Defendants TriHealth, Inc., Good Samaritan Hospital of Cincinnati, Ohio, Bethesda Hospital, Inc., and Mayfield Clinic, Inc. petition under § 1292(b) for leave to appeal a district court order denying their motion to dismiss Relator Dr. Set Shahbabian's action alleging violations of the FCA.

In both petitions, Defendants argue that interlocutory appeal is warranted to determine whether the *qui tam* provision of the FCA—which allows a relator to bring suit on behalf of the United States—violates the Appointments and Take Care Clauses of Article II of the United States Constitution.  The United States, Murphy, and Shahbabian oppose the petitions.

We may permit an appeal certified by the district court "if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the

correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing § 1292(b)); *see also In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (order). "These criteria, along with other prudential factors, guide our discretion . . . ." *In re Trump*, 874 F.3d at 951.

Even if the first and third of these criteria are met, this court's precedents leave no substantial grounds for a difference of opinion on the issue. Substantial grounds for a difference of opinion exist when: (1) the issue is "difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions"; (2) "the question is difficult and of first impression"; (3) "a difference of opinion exists within" this circuit; or (4) "there is a circuit split on a question that our own circuit has not answered." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (order) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008) (emphasis omitted)).

Where, as here, there is controlling precedent from this circuit on the issue, none of those conditions are met. *See id.* The district court acknowledged that the constitutionality of the FCA's *qui tam* provision was decided by this court in *United States ex rel. Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994). Nevertheless, it cited a pending appeal in the Eleventh Circuit, *United States ex rel. Zafirov v. Florida Med. Assocs., LLC*, No. 24-13581 (11th Cir. filed Oct. 30, 2024), and recent dissents from several Supreme Court justices to conclude that reasonable jurists could disagree on the issue. But our rules and caselaw make clear that "[p]ublished panel opinions are binding on later panels. A published opinion is overruled only by the court en banc." 6 Cir. R. 32.1(b); *United States v. Humphrey*, 287 F.3d 422, 452 (6th Cir. 2002), *overruled on other grounds by, United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002)

Nos. 25-0306/0307
-3-

("It is axiomatic that a court of appeals must follow the precedent of prior panels within its own circuit.").  Thus, at this juncture, interlocutory appeal is not warranted.

Accordingly, the petitions for permission to appeal are **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk